BASTROP MERCANTILE CO., LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8124.    Promulgated June 24, 1927.

> After the period of limitations for assessing tax has expired, such tax may not be assessed upon the theory that a taxpayer, which made its return on a calendar year form, should have made it on a fiscal year form and that therefore the return required by statute had not been filed by the taxpayer.

*P. J. Guepet, C. P. A.*, for the petitioner.
*Jos. K. Moyer, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits tax for the fiscal year ended January 31, 1919, in the amount of $5,471.57. The petitioner pleads the statute of limitations as a complete defense to the deficiency determined by the respondent.

The parties hereto have stipulated the facts, those of which are material being set out below.

#### FINDINGS OF FACT.

The petitioner is a Louisiana corporation, with its principal office at Bastrop, La., and as its name indicates, is engaged in the mercantile business.

On March 18, 1919, the petitioner filed with the collector of internal revenue for its district, the original " Tentative return and estimate of corporation income and profits taxes and request for extension of time for filing return " (Form 1031-T, United States Internal Revenue Service), stating thereon that the amount then and therewith remitted was in payment of not less than one-fourth

of the estimated amount of income, war-profits and excess-profits taxes for the year ended December 31, 1918.

On June 2, 1919, the petitioner filed with the collector its corporation income and profits-tax return (Form 1120, United States Internal Revenue Service), captioned as "For calendar year 1918 or Fiscal period begun ——— and ended ——— 1918," together with the schedule and duplicate "Tentative return and estimate of corporation income and profits taxes and request for extension of time for filing return," for the year ended December 31, 1918.

The petitioner kept and closed its books of account on a fiscal year basis beginning February 1, and ending January 31, and so kept and closed its books for its fiscal years ended January 31, 1918, and January 31, 1919.

The figures of gross income and deductions resulting in the net income shown in the return filed June 2, 1919, are the figures of gross income and deductions for the fiscal year begun February 1, 1918, and ended January 31, 1919, which figures have been adjusted as set forth and shown in the respondent's sixty-day letter of August 19, 1925, which letter forms the basis of this appeal and to which adjustments no exception has been taken by the taxpayer. The balance sheets, captioned as for the "Beginning of taxable year" and "Ending of taxable year," attached to the said return are balance sheets as of January 31, 1918, and January 31, 1919, respectively.

The petitioner filed no other corporation income and profits-tax return than those hereinbefore named for its fiscal year ended January 31, 1919.

The petitioner has not filed a waiver of the statute of limitations with regard to the determination and assessment of its income and profits tax for the fiscal year ended January 31, 1919.

In January, 1925, the Commissioner determined that there was a deficiency in income and profits tax for the fiscal year ended January 31, 1919, and made a jeopardy assessment in the amount of $6,744.36. The petitioner filed a claim in abatement of the tax assessed, which was allowed in the amount of $1,272.79 and rejected in part. From the rejection of part of the abatement claim, the petitioner appeals.

OPINION.

LOVE: The sole issue presented in this proceeding is whether the respondent was, in January, 1925, barred by the statute of limitations from asserting and assessing income and profits taxes against the petitioner for the fiscal year ended January 31, 1919, a return for that period having been filed on June 2, 1919, the return, how-

ever, being captioned "For calendar year 1918 or Fiscal period begun —— and ended —— 1918."

The respondent contends that the petitioner did not file a return for the fiscal year ended January 31, 1919, and that he was not barred in January, 1925, from making an assessment of a deficiency in tax for that fiscal year. We believe that this contention is without merit.

The return filed by the petitioner on June 2, 1919, was, it is true, captioned improperly, but nevertheless that return did contain the figures taken from the petitioner's books for the fiscal period ended January 31, 1919, and from the information submitted on and with that return the respondent determined a deficiency in tax for the period ended January 31, 1919, which deficiency he assessed in January, 1925, more than five years after the return was filed. The fact that the return was improperly captioned certainly is not controlling. The return filed on June 2, 1919, purported to be made in accordance with the law; it did include the income of the petitioner for the period in question. There is no suggestion of fraud on the part of the petitioner in making the return.

The reasoning of the Board in the *Appeal of Mabel Elevator Co.*, 2 B. T. A. 517, would appear to be pertinent to the question involved in this proceeding.

In that appeal, the taxpayer filed its return on the basis of a fiscal year, and the respondent contended that the law required a return on a calendar year basis and therefore the return filed was not a return required by law against which the statute of limitations would run. In disposing of the respondent's contention the Board reasoned as follows:

The return filed purported to be made in accordance with the law; it purported to and did include the income of the taxpayer for the period in question. In the absence of any evidence or claim that such return was false or fraudulent with intent to evade tax, it became the duty of the Commissioner to determine, within the time prescribed by law, whether or not such return was erroneous in any respect.

When this case was brought before the United States District Court for the District of Minnesota, the court approved the Board's conclusions. *United States* v. *Mabel Elevator Co.*, 17 Fed. (2d) 109.

We think that the return filed on June 2, 1919, was a proper return under the statute for the fiscal period ended January 31, 1919.

Section 277 (a) (2) of the Revenue Act of 1924 provides that the amount of income or profits taxes imposed by "the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended shall be assessed within five years after the return was filed." It is agreed that the assessment of the taxes in question was made in January,

1925, more than five years after the return was filed. The respondent, therefore, was barred in January, 1925, from making the assessment by operation of the statute of limitations.

*Judgment will be entered for the petitioner.*